DECISION AND JOURNAL ENTRY
{¶ 1} Appellants/cross-appellees, Hickory Street Coalition, et al., appeal the decision of the Summit County Court of Common Pleas, which affirmed Akron City Council's decision to grant a conditional use permit to appellee, Canal Town Builders. Appellee/cross-appellant, the City of Akron, appeals from the same decision. This Court affirms.
 I {¶ 2} This case involves a 10.17 acre parcel of land on the west side of Hickory Street and south of Memorial Parkway ("Hickory Street property") that the City of Akron ("the City") purchased in 1971 using a federal open space grant. At the time of the land purchase, the Hickory Street property was subject to federally imposed deed restrictions that presumably required use of the land in a manner consistent with the open space grant. In 1979, the City and the Akron Metro Parks District developed the Cascade Valley Park Master Plan, which recommended development of the Hickory Street property for recreational purposes but never progressed past this initial idea phase. In 1983, Congress passed the Urban Rural Recovery Act, which lifted the deed restrictions from lands subject to federal open space grants. The Hickory Street property has been vacant since its purchase in 1971, and no other development proposals referenced the land until 2002, when Canal Town Builders proposed a residential development on the Hickory Street property.
 {¶ 3} The Hickory Street property is zoned for single-family residential use. In July of 2002, Canal Town Builders filed a conditional use application with the City explaining its proposal to construct a mixed use, 88-unit residential development on the Hickory Street property. Shortly thereafter, the City's Department of Planning and Urban Development prepared a redevelopment plan for the Hickory Street property which proposed an agreement for sale and development of the land by Canal Town Builders. After receiving Canal Town Builders' application and proposal, the planning department completed another outline proposal, focusing on the City's need for new housing.
 {¶ 4} In August and September of 2002, the City's Planning Commission considered all three proposals related to the Hickory Street property in a series of public meetings, where it heard testimony from Canal Town Builders, concerned residents, including the Hickory Street Coalition, and the City's planning staff. In addition to oral testimony, the Planning Commission considered various letters, maps, site plans and memoranda from the City departments.
 {¶ 5} The Planning Commission unanimously recommended the approval of the City's redevelopment plan, the sale of the Hickory Street property to Canal Town Builders, and the grant of the conditional use permit to allow Canal Town Builders to build the residential development subject to 18 separate conditions resulting from the evidence it heard at its meetings. The Planning Commission concluded its recommendation by finding Canal Town Builders' conditional use request conformed to the standards contained in the Akron Code of Ordinances, Section 153.077("A.C.O. 153.077").
 {¶ 6} The Akron City Council ("the Council") took the Planning Commission's recommendation and held a public hearing on the matter. The Council heard testimony from both proponents and opponents of the proposed development, along with other evidence presented to it. Neighbors in the area filed a 34a petition requiring the Council to pass all three ordinances by a supermajority vote. After reviewing all the evidence before it, the Council passed Ordinance 578-2002 authorizing the sale of the land to Canal Town Builders, Ordinance 579-2002 implementing the redevelopment plan for the Hickory Street property, and Ordinance 580-2002 granting the conditional use permit to Canal Town Builders. All three ordinances were passed by a 10-3, supermajority vote of the Council members at the December 2002 meeting.
 {¶ 7} Appellants appealed the decision to the trial court pursuant to R.C. 2506.01. The court heard the administrative appeal only as to Ordinance 580-2002 granting Canal Town Builders the conditional use permit, and not as to the other two ordinances because they involved legislative acts which the court has no jurisdiction to hear in an administrative appeal. The trial court upheld the Council's decision granting the conditional use via Ordinance 580-2002.
 {¶ 8} Appellants timely appealed, setting forth two assignments of error for review. The City filed a cross-appeal, setting forth one assignment of error for review. This Court will first address the cross-appeal and then proceed to the appeal.
 II CROSS-APPEAL CROSS-ASSIGNMENT OF ERROR
"The court of common pleas erred when it determined that appellants had standing to pursue an R.C. Ch. 2506 appeal."
 {¶ 9} In its sole cross-assignment of error, the City argues the trial court erred when it determined that appellants had standing to pursue an administrative appeal pursuant to R.C. 2506. This Court disagrees.
 {¶ 10} In Antush v. N. Ridgeville, 9th Dist. Nos. 02CA008161, 02CA008169, 02CA008192, 2003-Ohio-3164, at ¶¶ 7-9, this Court addressed when a party has standing to institute an administrative appeal:
"According to the common law doctrine of standing, only those parties who can demonstrate a present interest in the subject matter of the litigation, which has been prejudiced by the decision of the lower court, possess the right to appeal.Willoughby Hills v. C.C. Bar's Sahara, Inc. (1992),64 Ohio St.3d 24, 26, 1992-Ohio-111, 591 N.E.2d 1203, citing OhioContract Carriers Assn., Inc. v. Pub. Util. Comm. (1942),140 Ohio St. 160, 161, 42 N.E.2d 758. `Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant.'Ohio Contract Carriers Assn., Inc., 140 Ohio St. 160,42 N.E.2d 758 at syllabus. The party seeking to appeal bears the burden to establish standing. Jenkins v. Gallipolis (1998),128 Ohio App.3d 376, 381, 715 N.E.2d 196.
"Although R.C. Chapter 2506 provides generally for administrative appeals from administrative determinations by political subdivisions, it does not address who has standing to bring such an appeal. The legislature's silence on this issue was nevertheless resolved by the Supreme Court of Ohio in Roper v.Richfield Twp. Bd. of Zoning Appeals (1962), 173 Ohio St. 168,180 N.E.2d 591, syllabus. In Roper, the Court determined who has standing to bring an administrative appeal under R.C. Chapter 2506 and specifically stated:
"`[a] resident, elector and property owner of a township, who appears before a township Board of Zoning Appeals, is represented by an attorney, opposes and protests the changing of a zoned area from residential to commercial, and advises the board, on the record, that if the decision of the board is adverse to him he intends to appeal from the decision to a court' possess the right to appeal. Id.
"Subsequently, the Court narrowed the class of persons who possess standing to those whose property rights are `directly affected' by the contested administrative order. Schomaeker v.First Nat'l Bank (1981), 66 Ohio St.2d 304, 311-312,421 N.E.2d 530."
 {¶ 11} In the instant case, the City asserts the appellants lacked standing to appeal the Council's decision to grant the conditional use permit. Specifically, it argues that appellants failed to advise the Council that if its decision was adverse to them, they intended to appeal the decision to the trial court, and therefore appellants did not meet the Roper requirements to establish standing in the case. The City cites to Antush to support its assignment of error. The City's argument is without merit.
 {¶ 12} In Antush, this Court found that the appellants had failed to satisfy their burden to establish they had standing because they did not provide any transcripts of the proceedings illustrating to this Court that they complied with the Roper
requirements. In the instant case, appellants have provided transcripts of the proceedings by which this Court can determine whether appellants meet the Roper requirements. In fact, the record clearly shows: (1) appellants were represented by an attorney during the administrative proceedings; (2) appellants, with their attorney, actively participated in the public hearings before both the Planning Commission and the Council to voice their specific concerns and objections to the proposed plan; (3) the Council's decision to grant the conditional use directly affected appellants as neighboring residents in the area; and (4) appellants gave adequate notice of their intentions to appeal the Council's decision. All of these factors combined demonstrate sufficient standing.
 {¶ 13} Upon careful review of the record, this Court finds appellants clearly had standing to appeal the Council's decision and the trial court did not err in finding the same. The City's cross-assignment of error is overruled.
 APPEAL FIRST ASSIGNMENT OF ERROR
"Akron city council improperly rezoned a parcel of land pursuant to its administrative power to grant a conditional use."
 {¶ 14} In their first assignment of error, appellants argue the Akron City Council improperly rezoned the land at issue pursuant to its administrative power to grant a conditional use permit. This Court disagrees.
 {¶ 15} This Court will review the issue of whether the Council's decision was legislative or administrative under a de novo standard. The Ohio Supreme Court has held:
"The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence." Donnelly v. Fairview Park (1968), 13 Ohio St.2d 1, paragraph two of the syllabus.
The Donnelly court concluded that if "the action of a legislative body creates a law, that action is legislative, but if the action of that body consists of executing an existing law, the action is administrative." Id at 4. The Ohio Supreme Court has since acknowledged that its Donnelly decision clarified that the test requires an examination of the nature of the action taken by a legislative body, rather than the mere form in which it is taken. Buckeye Community Hope Found. v. Cuyahoga Falls
(1998), 82 Ohio St.3d 539, 544. Applying the test in this manner, the Ohio Supreme Court has specifically concluded that "[t]he passage by a city council of an ordinance approving a site plan for the development of land, pursuant to existing zoning and other applicable regulations, constitutes administrative action and is not subject to referendum proceedings." Id. at 545.
 {¶ 16} In the instant case, the Akron City Council approved a conditional use permit for Canal Town Builders to establish a residential development in the Hickory street area of Akron. The Council approved the development plan by passing Ordinance No. 580-2002 only after it found adequate evidence that the conditional use met the requirements set forth in A.C.O. 153.077. The Council did not create new law, but merely executed existing law by reviewing Canal Town Builder's conditional use application in light of the City's zoning code requirements, concluding the development plan met all the requirements, and granting the conditional use permit via passage of Ordinance No. 580-2002.
 {¶ 17} Given the above law and facts, this Court finds that the Council's grant of a conditional use permit to Canal Town Builders via Ordinance No. 580-2002 constitutes proper administrative action, not legislative rezoning. See Gillespiev. City of Stow (1989), 65 Ohio App.3d 601. Appellants' first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"The court of common pleas abused its discretion when it found that Akron city council adhered to the conditional use criteria contained in the Akron zoning code."
 {¶ 18} In their second assignment of error, appellants argue the trial court abused its discretion when it found that Akron City Council adhered to the conditional use criteria contained in the Akron Zoning Code. This Court disagrees.
 {¶ 19} The grant of a conditional use permit by a city council constitutes an administrative decision that may be appealed to a court of common pleas pursuant to R.C. 2506.01. SeeDonnelly, 13 Ohio St.2d at 4. The scope of review by a court of such an administrative order is defined in R.C. 2506.04, which states:
"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."
This Court has stated its inquiry into an administrative appeal is "limited to a determination of whether we can say, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." CMK, Ltd. v. Lorain Cty. Bd. of Commrs.,
9th Dist. No. 02CA008185, 2003-Ohio-5160, at ¶ 7, citing Kisilv. Sandusky (1984), 12 Ohio St.3d 30, 34.
 {¶ 20} The Akron City Council's power to consider and grant a conditional use permit is derived from A.C.O. 153.082 through A.C.O. 153.084. In order to approve a conditional use application, the Council must find adequate evidence that the proposed use meets the requirements set forth in A.C.O. 153.077, which provides:
"The planning staff, the City Planning Commission, and Council, when studying a petition for a conditional use, shall review the particular facts and circumstances of each proposed use in terms of the following standards, and if taking favorable action on the proposal, shall find adequate evidence that the use:
"(A) Will be harmonious with and in accordance with the general objectives of the city's Comprehensive Plan;
"(B) Will be designed, constructed, operated, and maintained so as to be harmonious and appropriate in appearance with the existing or intended character of the general vicinity and will not change the essential character of the same area;
"(C) Will not be hazardous or disturbing to existing or future neighboring uses;
"(D) Will be served adequately by essential public facilities such as highways, streets, police and fire protection, drainage structures, refuse disposal, water and sewers and schools; or that the person or agency responsible for the establishment of the proposed use shall be able to provide adequately any such services;
"(E) Will not create excessive additional requirements at public cost for public facilities and services, and will not be detrimental to the economic welfare of the community;
"(F) Will not involve uses, activities, processes, materials, equipment, and conditions of operation that will be detrimental to any person or property or the general welfare by reason of excessive production of traffic, noise, smoke, fumes, glare, or odors;
"(G) Will have vehicular approaches to the property which shall be so designed as not to create an interference with traffic on surrounding public streets or roads;
"(H) Will not result in the destruction, loss, or damage of a natural, scenic, or historic feature of major importance."
This Court has held that all eight of the above factors must be met in order for the Council to approve a conditional use. SeeCleveland Neighborhood Builders, Inc. v. Council of the City ofAkron (Apr. 18, 2001), 9th Dist. No. 20273; Leuchtag v. Akron
(Apr. 22, 1998), 9th Dist. No. 18351.
 {¶ 21} In the instant case, appellants argue that the Council failed to adhere to the requirements of A.C.O. 153.077 in that it never found, on the record, that Canal Town Builders met all eight requirements listed therein to obtain a conditional use permit. Consequently, because the findings on the record do not adequately show the development plan met the necessary criteria, appellants assert the trial court erred in finding the Council properly granted the conditional use permit via Ordinance 580-2002.
 {¶ 22} In support of its decision to grant the conditional use permit, the Council concluded the proposed use of the land would be harmonious with the City's general need for new housing. The Council considered that the Hickory Street property is zoned residential and the proposed use for the land would be a residential development, which would be harmonious with the existing character of the area. Subsequently, the Council concluded that the development's single-family, multi-unit townhouses would not be hazardous or disturbing to the existing or future single-family housing south, west, and east of the Hickory Street property. The Council also considered evidence that the development plan would consist of thirty percent open space and would preserve wooded green space, which would be harmonious with the recreational area north of the Hickory Street property.
 {¶ 23} The Council also heard ample evidence from the City that the proposed development would be adequately served by essential public facilities and none of the City's departments had any concerns with providing their respective services to the Hickory Street property. The Council considered evidence that Canal Town Builders would pay for or provide most of the improvements for its plan and the public would not incur any costs due to the development of the Hickory Street property. The Council concluded the proposed development would enhance the economic welfare of the community and provide much needed housing to the City.
 {¶ 24} The Council considered evidence that the development would not involve uses resulting in excessive production of traffic, noise, smoke, fumes, glare or odors detrimental to the surrounding community. With regard to increased traffic from the development, the City provided the Council with evidence that it would construct a left-turn lane leaving Hickory Street onto Memorial Parkway, on recommendation from the City's traffic engineer, to prevent any potential problems with that traffic flow. Evidence was also presented that the development's other vehicular approaches to the property would not create any interference with traffic on any surrounding public streets or roads. Finally, the Council concluded from the evidence presented that the proposed development plan would not result in the destruction, loss, or damage of a natural, scenic of historic feature of major importance to the City.
 {¶ 25} The Council's decision to approve the conditional use permit and allow the proposed development plan was supported by evidence and testimony presented at the public hearing before the Council. By the time the proposed plan was presented to the Council, it had undergone several revisions and improvements suggested by the City's Department of Planning and Urban Development, other City departments, some public utility companies, the City's Planning Commission, and concerned residents who attended the Planning Commission's two earlier public hearings. The Council heard and considered all the testimony and evidence from both those that supported the proposed plan and those who raised concerns about the development. After reviewing all the evidence before it, the Council even reduced the number of homes from 88 to 70 within the proposed plan to meet surrounding residents' concerns about the density of the development before it approved the conditional use by a super-majority, 10-3 vote.
 {¶ 26} Upon review of the above evidence, this Court finds that the Council did adhere to the requirements of A.C.O. 153.077 when it approved Canal Town Builder's conditional use application. Contrary to appellants' allegations, the Council does not have to state every subsection of A.C.O. 153.077 on the record to demonstrate it has properly considered them in its determination that the proposed plan meets their requirements for an acceptable conditional use.
 {¶ 27} Furthermore, this Court finds the trial court did not err in finding the Council properly granted the conditional use permit via Ordinance 580-2002. Within its judgment entry, the trial court stated that it had independently reviewed the complete record of proceedings provided to it. The court concluded that the Council's determination that the conditional use met all the necessary requirements under A.C.O. 153.077 was supported by a preponderance of substantial, reliable, and probative evidence on the whole record. The court specifically stated:
"Appellants would have this court reverse Akron City Council on the grounds that Council's decision was arbitrary and capricious because Council failed to consider all the eight factors listed in the zoning ordinance. After reviewing the 678 page record, the Court finds the City's decision to be anything but arbitrary and capricious."
 {¶ 28} The trial court then listed all eight requirements of A.C.O. 153.077, stated the City had considered each and every one of the factors throughout its approval process, and proceeded to summarize how the Council addressed the necessary requirements, as well as what changes and improvements were made so that the proposed plan better met those requirements. The court concluded its judgment entry by stating:
"Put simply, the City of Akron was careful, comprehensive and thorough in its decision. Planning Commission's decision was certainly available to City Council when Council approved the plan by a supermajority. Council is not expected, as the Appellants suggest, to justify its decision using each and every word of the conditional use language in section 153.077 of the Akron Codified Ordinances.
"In an appeal of an administrative decision, Appellants must overcome significant legal obstacles. In this case, the appellants failed to successfully navigate those obstacles. There is simply nothing arbitrary, capricious, unconstitutional, or otherwise legally wrong with approval of this development. Residents opposed the development, the City heard their concerns, the City ordered that changes be made and ultimately, the development was approved. Here, the process worked exactly as intended. Citizens, the City and the developers all had a voice. So long as Council heard those voices and Council's ultimate decision was reasonable rather than arbitrary and capricious, it is not the Court's role to replace the administrative authority's judgment with its own.
"The decision of the Akron City Council approving ordinance 580-2002 is affirmed."
 {¶ 29} Again, this Court's function does not involve a determination as to the weight of the evidence. CMK, Ltd. at ¶ 7, citing Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. Given our limited review, this Court cannot find, as a matter of law, the trial court's holding — that the Council properly considered the requirements of A.C.O. 153.077 in granting the conditional use permit was unconstitutional, illegal, arbitrary, capricious, or unreasonable — is not supported by a preponderance of substantial, reliable and probative evidence. Rather, this Court finds the trial court did not err in finding the Council properly granted the conditional use permit via Ordinance 580-2002. Appellants' second assignment of error is overruled.
 III. {¶ 30} Appellants' two assignments of error are overruled. The City's cross-assignment of error is overruled. Accordingly, the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Whitmore and Slaby, JJ., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
Exceptions.
Whitmore, J., Slaby, J., concur.