DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the February 25, 2004 judgment of the Ottawa County Court of Common Pleas, which found that the decision of the Put-In-Bay Board of Zoning Appeals was not supported by a preponderance of substantial, reliable, and probative evidence. Finding that the trial court erred by holding that appellees, Albert and Judith Kraus, have standing to bring an appeal from the zoning board's decision, we reverse the decision of the lower court. Appellant, Dana Blumensaadt, asserts the following assignments of error on appeal:
 {¶ 2} "Assignment of Error No. 1: The trial court erred in determining that Appellees Albert F. and Judith C. Kraus had standing to bring an appeal of the decision of the Put-in-Bay Township Board of Zoning Appeals pursuant to Chapter 2506 of the Ohio Revised Code when they failed to participate in the administrative proceedings issuing the decision appealed from.
 {¶ 3} "Assignment of Error No. 2: The lower court erred in substituting its judgment for that of the Put-in-Bay Township Zoning Board of Appeals when it reversed the board's decision to grant Appellant Dana Blumensaadt a conditional use permit."
 {¶ 4} Dana Blumensaadt filed applications for a conditional use permit on February 6, 2003; a use variance on February 10, 2003; and an area variance on February 10, 2003 for her property at 215 Glacier Cove in Put-In-Bay Township. The Put-in-Bay Board of Zoning Appeals had issued Blumensaadt a conditional use permit in November 2001; but the board revoked the permit in October 2002 when Blumensaadt exceeded the scope of the permit.
 {¶ 5} Blumensaadt sought the second conditional use permit so that she could continue her bed and breakfast operation. The use variance was necessary for her to utilize the accessory building for guest rooms rather than as a barn. This building was a newly-built replacement of an old press house that could not be renovated. The area variance was necessary in order to permit the use of independent outdoor entrances to the accessory building's three rooms. Blumensaadt requested that all three applications be considered simultaneously since the operation of the bed and breakfast depended upon all three applications being granted.
 {¶ 6} The property of Albert and Judith Kraus is contiguous to Blumensaadt's property. The Krauses opposed the first application for a conditional use permit. They, their attorney, and a court reporter attended the October 2002 meeting regarding the revocation of the November 2001 conditional use permit. However, the Krauses did not participate in the hearing regarding Blumensaadt's second application for a conditional use permit because the Krauses were residing in their winter home in Florida. They did send a letter opposing the permit, which was submitted to the board at the March 6, 2003 hearing.
 {¶ 7} At that hearing, other neighboring homeowners expressed their support or opposition regarding Blumensaadt's applications. Letters opposing the variances and use permit were submitted to the board by Paul Ladd, an appointed "Ambassador" for the Water's Edge Subdivision, which is adjacent to the property at issue. The use of the easement over the Kraus property was raised by neighbors, but the Krauses were not present to raise the issue themselves.
 {¶ 8} The meeting was continued on March 10, 2003. During that meeting, the board members discussed the applications and voted. While there were members of the public present at the meeting, they did not voice their support or opposition again. The board granted the conditional use permit for a bed and breakfast subject to listed conditions. However, it denied the use and area variances. The Krauses filed a notice of appeal from the final decision of the board pursuant to R.C. 2506.01. Blumensaadt intervened as a party in the administrative appeal.
 {¶ 9} Blumensaadt moved to dismiss the administrative appeal on the ground that the court lacked subject matter jurisdiction. She argued that the Krauses lack standing to bring the appeal because they did not participate in the proceedings before the board. The trial court denied the motion on November 21, 2003. The court held that the Krauses had standing because they were adversely affected by the issuance of the conditional use permit; they had opposed the first application for a conditional use permit; they were not present at the March 6 and 10, 2003 meetings solely because they leave the island in the winter; they had designated Paul Ladd as their representative of the subdivision's opposition to the permit; Ladd presented the reasons for their opposition at the March 6th meeting; and the March 10th meeting was merely a continuation of the March 6th meeting. The court found that the cases cited by appellant,Roper v. Bd. of Zoning Appeals (1962), 173 Ohio St. 168 andSchomaeker v. First Natl. Bank (1981), 66 Ohio St.2d 304, are distinguishable on the facts.
 {¶ 10} The court went on to determine the ultimate issues in the case in favor of the Krauses. Blumensaadt then sought an appeal from the decision of the trial court pursuant to R.C.2506.04. Our scope of review is limited by R.C. 2506.04 to questions of law.
 {¶ 11} In its first assignment of error, Blumensaadt argues that the trial court erred as a matter of law when it found that the Krauses have standing to appeal when they did not attend the hearing on the second application for a conditional use permit, a use variance, and an area variance.
 {¶ 12} The party seeking the appeal has the burden of proving that he has standing to appeal. Jenkins v. Gallipolis (1998),128 Ohio App.3d 376, 381, and Hickory Street Coalition v. AkronPlanning Comm., 9th Dist. App. No. 21738, 2004-Ohio-2246, at ¶ 10. Therefore, the burden falls on the party seeking appeal to ensure that the record supports his claim of standing. Antush v.N. Ridgeville, 9th Dist. App. No. 02CA008161, 02CA008169, and 02CA008192, 2003-Ohio-3164, at ¶ 10.
 {¶ 13} R.C. 2506.01 expressly limits the right to appeal administrative decisions to final decisions that determine "rights, duties, privileges, benefits or legal relationships of a person * * *." The statute does not, however, specifically identify who has standing to appeal administrative decisions. The Ohio Supreme Court first considered this issue in Roper v. Bd.of Zoning Appeals, supra. The court reasoned that limiting standing to only the applicant for a zoning change would be contrary to the spirit of the law. The court (recognizing that standing had to be statutorily authorized and relying upon the general rule in judicial matters that parties to an action can appeal the court's judgment) determined that a person who attended the zoning board hearing, opposed the zoning change because his interests would be adversely affected by the change, and asserted his right to appeal was a party to the action and, therefore, was entitled to appeal from the decision that determined his rights as a property owner. This holding was summarized in the syllabus of the case as follows: "A resident, elector, and property owner of the township, who appears before a township Board of Zoning Appeals, is represented by an attorney, opposes and protests the changing of a zoned area from residential to commercial, and advises the board, on the record, that if the decision of the board is adverse to him he intends to appeal from the decision to a court, has the right to appeal to the Common Pleas Court if the appeal is properly and timely made pursuant to Sections 519.15 and 2506.01 to 2506.04, inclusive, and Chapter 2505, Revised Code."
 {¶ 14} Nearly twenty years later, the Ohio Supreme Court relied upon the holding in Roper, supra, to bar a contiguous property owner from bringing a declaratory judgment action because she had not sought an appeal from the decision of the Board of Zoning Appeals. Schomaeker v. First Natl. Bank ofOttawa, supra, at paragraph 3 of the syllabus. The court again limited the class of persons that could appeal a decision of the Board of Zoning Appeals to those property owners who were directly affected by the decision and who challenged the zoning change, rather than those property owners who were affected only as a member of the public at large. Id. at 312. In theSchomaeker case, the appealing party had previously challenged the grant of a certificate of occupancy and attended, with counsel, the Zoning Board hearing regarding a zoning variance. Id. Again, in Bd. of Trustees of Jefferson Twp. v. Petitionersfor Incorporation of the Village of Holiday City (1994),70 Ohio St.3d 365, 371, the Ohio Supreme Court reiterated its basic reasoning that standing is premised upon the fact that the party has a present and substantial interest in the zoning change and was aggrieved or prejudiced by the board's decision.
 {¶ 15} Appellate courts have construed the holding inRoper, supra, as imposing specific requirements for standing to appeal under R.C. 2506.01. A person has standing to appeal the decision of the zoning board as a "party to the proceedings" if he (1) was a resident, elector, and property owner of the township directly affected by the zoning change, (2) who appeared before a township board of zoning appeals with an attorney to protest a zoning change, and (3) who stated his intention on the record to appeal the board's decision to the common pleas court.Hickory Street Coalition v. Akron Planning Comm., 9th Dist. App. No. 21738, 2004-Ohio-2246, at ¶ 12; National Amusements,Inc. v. Union Twp. Bd. of Zoning Appeals, 12th Dist. App. No. CA2002-12-107, 2003-Ohio-5434, at ¶ 10; Board of Zoning Appealsfor Delhi Twp. v. Ball (1985), 1st Dist. App. No. C-840304, at 11.
 {¶ 16} The courts have made only two exceptions to the requirement that the party must have actively participated in the hearings and expressed his intent to appeal an unfavorable decision. The first exception is made in cases where there was insufficient notice of the hearing. Midwest Fireworks Mfg. Co.v. Deerfield Twp. Bd. of Zoning Appeals (2001),91 Ohio St.3d 174, 178-179 (interpreting R.C.519.15 requirements for making an appeal to the board of zoning appeals); Alihassan v. AllianceBd. of Zoning Appeals (Dec. 18, 2000), 5th Dist. App. No. 1999CA00402, at 11; and Capital L. Corp. v. City of ClevelandBd. of Zoning Appeals (Apr. 27, 2000), 8th Dist. App. No. 76795, at 5-6. A second exception arguably exists in cases where the board's decision differs from the request in the application or goes beyond the board's authority. Alihassan v. Alliance Bd. ofZoning Appeals (Dec. 18, 2000), 5th Dist. App. No. 1999CA00402, at 14, which was criticized in National Amusements, Inc. v.Union Twp. Bd. of Zoning Appeals, supra at ¶ 12.
 {¶ 17} This case presents a unique situation where the contiguous property owners did not personally appear and assert how they would be directly aggrieved by the issuance of the zoning permit. Nor did the property owners assert that they would appeal the decision of the board if the permit was issued. The trial court considered the first and second applications for a conditional use permit as one proceeding and accepted the earlier participation of the Krauses and their attorney in the revocation hearing and their letter of objection with respect to the second application as being sufficient to make them a party to the second action. The trial court took note of the fact that the only reason that the Krauses did not personally appear was because they were residing in their winter home in Florida at the time of the hearing.
 {¶ 18} We find, however, that the Krauses did not have standing to appeal in this case based upon the standing requirements set forth in the syllabus of the Roper case. While the Krauses are contiguous property owners whose property rights would have been negatively and uniquely affected by the zoning change, they failed to meet the other two requirements set forth in the Roper case. They did not personally appear with counsel and they did not indicate their intent to appeal the board's decision if it was unfavorable to their position.
 {¶ 19} Appellant's first assignment of error is found well-taken. Having found appellees lacked standing to bring an appeal to the common pleas court, we find appellant's second assignment of error moot.
 {¶ 20} Having found that the trial court committed error prejudicial to appellant and that substantial justice has not been done, the judgment of the Ottawa County Court of Common Pleas is reversed. Pursuant to App.R. 24, appellees are hereby ordered to pay the court costs incurred on appeal.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Concur.