OPINION
{¶ 1} Appellants, Paul Hofer, et al., appeal from the judgment entry of the Lake County Court of Common Pleas dismissing their administrative appeal for lack of standing. For the reasons discussed below, we affirm.
 {¶ 2} This case originated when appellees, Ronald and Mary Kaleal, filed a request with the Village of North Perry zoning inspector for a permit to build a residential *Page 2 
house on a vacant lot of land, adjacent to the lot on which their current residence is located. The zoning inspector denied this request concluding the land was not zoned residential.[1] Appellees subsequently filed an application for a variance with the Village of North Perry Board of Zoning Appeals (BZA). The BZA granted the application for a variance on the condition that, upon moving into the new home, their former home not be used for residential purposes.
 {¶ 3} Appellants, Paul and Linda Hofer, along with Mrs. Janice Leroy, filed a notice of appeal with the Lake County Court of Common Pleas. Although none of the individuals had participated in any way in the hearing before the BZA, they alleged they had standing to appeal because they were "directly affected" by the decision of the BZA. After a hearing on the issue, however, the trial court determined the Hofers and Mrs. Leroy did not have standing to appeal the BZA's decision. The court reasoned the Hofers and Mrs. Leroys had adequate notice of the BZA's hearing and their failure to participate was fatal to their standing argument. The court also concluded that the individuals failed to present any evidence upon which the court could find they were "directly affected" by the BZA's decision. Appellants Paul and Linda Hofer now appeal the trial court's decision.
 {¶ 4} Appellants submit the following assignment of error for our consideration:
 {¶ 5} "The Lake County Court of Common Pleas erred as a matter of law in finding that appellants had no standing to appeal the decision of the Village of North Perry Board of Zoning Appeals and dismissing appellants' appeal." *Page 3 
 {¶ 6} The standard of review of an appellate court reviewing the merits of a judgment of a court of common pleas on an administrative appeal taken pursuant to R.C. 2506.04 is limited in scope. Henley v.City of Youngstown, Bd. of Zoning Appeals, 90 Ohio St.3d 142, 147,2000-Ohio-493. That is, we are required to affirm the trial court's determination unless it is unsupported by the preponderance of reliable, probative, and substantial evidence. Russel v. City of Akron Dept ofPub. Health, Hous. Appeals Dept. (2001), 142 Ohio App.3d 430, 432. In conducting this analysis, an appellate court applies an abuse of discretion standard. Henley, supra, at 148. An abuse of discretion is more than an error in judgment; rather, it reveals a "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd., 66 Ohio St.3d 619, 621, 1993-Ohio-122.
 {¶ 7} The foregoing notwithstanding, the trial court in this instance did not reach the merits of the case sub judice. Rather, it dismissed appellants' appeal for lack of standing. The issue of standing is a question of law and therefore shall be reviewed de novo. Dinks IICompany, Inc. v. Chagrin Falls Village Council, 8th Dist. No. 84939,2005-Ohio-2317, at ¶ 16, citing Shelton v. LTC Management Services, 4th Dist. No. 03CA10, 2004-Ohio-507, at ¶ 5.
 {¶ 8} The common-law doctrine of standing provides that only those individuals who can demonstrate a present interest in the subject matter of the litigation and who have been prejudiced by the decision at issue are entitled to appeal the same. Willoughby Hills v. C.C. Bar's Sahara,Inc., 64 Ohio St.3d 24, 26, 1992-Ohio-111. The burden of establishing such entitlement rests with the individual seeking to appeal. Id., see, also, Fahl v. City of Athens, 4th Dist. No. 06CA23, 2007-Ohio-4925, at ¶ 14. *Page 4 
 {¶ 9} R.C. 2506.01 specifically limits the right to appeal an administrative decisions to final decisions that determine "rights, duties, privileges, benefits or legal relationships of a person * * *." R.C. 2506.01(C). The statute, however, fails to identify who has standing to appeal administrative decisions. This issue was first considered by the Supreme Court of Ohio in Roper v. Bd. of ZoningAppeals, Township of Richfield (1962), 173 Ohio St.168. InRoper, the Court determined it would be inappropriate to limit standing, as it pertains to an administrative appeal, to parties whose application(s) for zoning modification had been denied. The Court reasoned such a "`heads I win, tails you lose'" approach would be contrary to the intent of the administrative appeals statute and "repugnant" to the sensibilities of the Court's majority. Id. at 173. Thus, standing to appeal an administrative decision lies in an applicant for a zoning change as well as:
 {¶ 10} "[a] resident, elector and property owner of a township, who appears before the township Board of Zoning Appeals, is represented by an attorney, opposes and protests the changing of a zoned area from residential to commercial, and advises the board, on the record, that if the decision of the board is adverse to him he intends to appeal from the decision to a court, has the right of appeal to the Common Pleas Court if the appeal is properly and timely made pursuant to Sections 519.15 and 2506.01 to 2506.04, inclusive, and Chapter 2505, Revised Code." Roper, supra, at syllabus.[2]
 {¶ 11} Subsequently, in Schomaeker v. First Natl. Bank of Ottawa
(1981), 66 Ohio St.2d 304, the Court, building upon its holding inRoper, supra, again addressed the issue of standing in the context of an administrative decision stating that a party *Page 5 
must be "a person directly affected" by the administrative decision to have standing to appeal pursuant to R.C. Chapter 2506. Id. at 312. In light of this conclusion, the Court held:
 {¶ 12} "A person owning property contiguous to the proposed use who has previously indicated an interest in the matter by a prior court action challenging the use, and who attends a hearing on the variance together with counsel, is within that class of persons directly affected by the administrative decision and is entitled to appeal under R.C. Chapter 2506."
 {¶ 13} Next, in Willoughby Hills, supra, the Supreme Court elaborated upon the import of the "directly affected" test set forth inShomaeker. The Court pointed out that the "directly affected" language was used to clarify that:
 {¶ 14} "[a] private litigant has standing to complain of harm which is unique to himself. In contrast, a private property owner across town, who seeks reversal of the granting of a variance because of its effect on the character of the city as a whole, would lack standing because his injury does not differ from that suffered by the community at large. The latter litigant would, therefore, be unable to demonstrate the necessary unique prejudice which resulted from the board's approval of the requested variance." Willoughby Hills, supra, at 27.
 {¶ 15} In conjunction with this clarification, the Court inWilloughby Hills rephrased but essentially reiterated the requirements set forth in Roper and Shomaeker, stating: "[a]djacent or contiguous property owners who oppose and participate in administrative proceedings concerning the issuance of a variance are equally entitled to seek appellate review under R.C. 2504.01." Id. at 26. *Page 6 
 {¶ 16} From these holdings, therefore, a person has standing to appeal a Board of Zoning Appeals decision under R.C. 2506.01 as a party to the proceedings if he:
 {¶ 17} "(1) was a resident, elector, and property owner of the township directly affected by the zoning change, (2) * * * appeared before a township board of zoning appeals with an attorney to protest the zoning change, and (3) * * * stated his intention on the record to appeal the board's decision to the common pleas court." Kraus v. Put-In-BayTownship Bd. of Zoning and Appeals, 6th Dist. No. OT-04-011,2004-Ohio-4678, at ¶ 15.
 {¶ 18} Under their sole assignment of error, appellant's argument has two components. First, appellants assert that although they were not present at the public hearing of the BZA, they did not receive adequate notice of the hearing and thus were not required to appear at the hearing. Second, appellant's claim they suffered economic injury and were thus "directly affected" by the BZA's decision. Appellants conclude these propositions, if accepted, demonstrate they had standing to appeal. We disagree.
 {¶ 19} During the hearing before the trial court, appellants claimed the Village provided a gift of utility services to each residence in the form of free rubbish collection, cable television, water treatment, sewer treatment, and street lights. Appellants submitted evidence that these services are valued at $1,500.00 per year, which is generated from income tax revenue taken from the nuclear power plant in the Village. However, the BZA's decision required appellees to cease using their present residence upon moving into their new home. As a result, any free utility services would be necessarily transferred to the new home creating a "net zero gain." Because the free *Page 7 
utilities would be merely transferred to the new dwelling, we discern no (let alone a unique) economic loss suffered by appellants. Because appellants have not demonstrated they were directly affected by the BZA's decision, we need not address the notice issue. We therefore hold appellants have failed to demonstrate they have standing to appeal the BZA's decision.
 {¶ 20} Appellant's sole assignment of error lacks merit.
 {¶ 21} For the reasons discussed above, the decision of the Lake County Court of Common Pleas is hereby affirmed.
DIANE V. GRENDELL, P.J., concurs,
[1] Both lots are zoned M-1 Mixed Use Commercial/Light Industrial. However, the lot upon which appellees' present home is built was permitted to remain a residential home by virtue of a prior non-conforming residential use designation.
[2] The Supreme Court has consistently stated (in Roper and its progeny) that a basic requirement for a non-applicant individual to have standing to appeal a BZA decision is attending the BZA hearing with counsel. Since an individual has a right to represent him/herself in any formal legal forum, it is unclear why the Court has declared the presence of counsel a necessary prerequisite for standing in this setting.