JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Walter S. Rapacz ("Walter"), appeals the trial court's order affirming defendant-appellee City of Cleveland's ("City") imposition of civil liability upon Leslie Rapacz ("Leslie") for a speeding offense. Because Walter lacks standing to bring this appeal, we dismiss for lack of jurisdiction.
 {¶ 2} This case arose when one of the City's automated traffic enforcement cameras photographed Leslie's vehicle speeding. Walter claims he was driving the vehicle at the time, but because Leslie was the registered owner, the City issued the Notice of Liability ("ticket") in her name. Upon receiving the ticket, Leslie and Walter signed an affidavit stating that Walter was the driver. Walter appealed the ticket and appeared before the City's hearing officer. The hearing officer found Leslie liable for the offense, and Walter appealed the matter to the court of common pleas, which affirmed.
 {¶ 3} Walter now appeals, raising three assignments of error for our review.[1]
 Standing {¶ 4} We may not review the instant appeal because Walter lacks standing. We review the issue of standing de novo as it poses a question of law. Dinks II Co. v. Chagrin Falls Village Council, Cuyahoga App. No. 84939, 2005-Ohio-2317, ¶ 16, *Page 4 
citing Shelton v. LTC Mgt. Servs., Highland County App. No. 03CA10,2004-Ohio-507. We do not have jurisdiction to adjudicate a case in which a party lacks standing. See Buckeye Foods v. Cuyahoga Cty. Bd. ofRevision, 78 Ohio St.3d 459, 460, 1997-Ohio-199, 678 N.E.2d 917. "[T]he issue of standing *** may be raised at any time during the pendency of the proceedings." Id., quoting New Boston Coke Corp. v. Tyler (1987),32 Ohio St.3d 216, 218, 513 N.E.2d 302, 305.
 {¶ 5} Walter brings this appeal under R.C. 2506.01 challenging the ticket, which was issued pursuant to Cleveland Codified Ordinance ("C.C.O.") 413.031. A party has standing to file an administrative appeal under R.C. 2506, et seq., when that party "has a present interest in the subject matter of the litigation" and "has been `directly affected' by the administrative order in question." Id., quotingWilloughby Hills v. C.C. Bar's Sahara, Inc., 64 Ohio St.3d 24, 26-27,1992-Ohio-111, 591 N.E.2d 1203.
 {¶ 6} In the instant case, Walter lacks standing because the administrative order has not directly affected him. Leslie, the vehicle owner, has been found civilly liable. C.C.O. 413.031(k) states, in relevant part,
 {¶ 7} "The Director of Public Safety, in coordination with the Parking Violations Bureau, shall establish a process by which a vehicle owner who was not the driver at the time of the alleged offense may, by affidavit, name the person who the owner believes was driving the vehicle at the time. Upon receipt of such an affidavit timely submitted to the Parking Violations Bureau, the Bureau shall suspend *Page 5 
further action against the owner of the vehicle and instead direct notices and collection efforts to the person identified in the affidavit. If the person named in the affidavit, when notified, deniesbeing the driver or denies liability, then the Parking Violations Bureaushall resume the notice and collection process against the vehicleowner, the same as if no affidavit had been submitted, and if theviolation is found to have been committed by a preponderance ofevidence, the owner shall be liable for any penalties imposed for theoffense." (Emphasis added.)
 {¶ 8} Under the language of the statute, Leslie is liable. Walter denied liability, and the hearing officer determined by a preponderance of the evidence that a violation had been committed. Therefore, Leslie, the vehicle owner, is the only party directly affected by the administrative order in the instant case. Walter lacks standing, so we do not have jurisdiction to consider the appeal.
 {¶ 9} Accordingly, this appeal is dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and LARRY A. JONES, J., CONCUR. *Page 6 
 APPENDIX I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY UPHOLDING THE DECISION OF THE CITY OF CLEVELAND PARKING VIOLATIONS BUREAU, PHOTO SAFETY DIVISION WITHOUT FIRST HEARING ADDITIONAL EVIDENCE AS REQUIRED BY R.C. § 2506.03(A)(3).
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY UPHOLDING THE DECISION OF THE CITY OF CLEVELAND PARKING VIOLATIONS BUREAU, PHOTO SAFETY DIVISION WHERE SAID BODY FAILED TO FILE WITH THE TRANSCRIPT CONCLUSIONS OF FACT SUPPORTING ITS DECISION AS REQUIRED BY R.C. § 2506.03(A)(5).
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY UPHOLDING THE DECISION OF THE CITY OF CLEVELAND PARKING VIOLATIONS BUREAU, PHOTO SAFETY DIVISION WHERE SAID DECISION IS UNCONSTITUTIONAL, ILLEGAL, ARBITRARY, CAPRICIOUS, UNREASONABLE, OR UNSUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL RELIABLE, AND PROBATIVE EVIDENCE ON THE WHOLE RECORD.
[1] The assignments of error are set forth in the Appendix. *Page 1