Hoffman, J.
{¶ 1} Appellant Liberty Township Board of Zoning Appeals ("the Board") appeals the July 18, 2017 Judgment Entry entered by the Licking County Court of Common Pleas, which reversed the Board's decision which had found Appellee JSS Properties II, LLC ("JSS Properties") violated Article 8, Section 807 of the Liberty Township Zoning Resolution.
STATEMENT OF THE CASE AND FACTS
{¶ 2} JSS Properties owns real property located at 7234 Johnstown-Utica Road, Johnstown, Ohio ("the property"). The property is zoned General Business. After *874 Wendi Zigo, the Liberty Township Zoning Inspector, received a complaint from a neighboring landowner concerning multiple junk vehicles stored on the property, she investigated and discovered thirteen vehicles stored outside of the buildings on the property. As a result, Zigo cited JSS Properties for violating three sections of the Liberty Township Zoning Resolution ("the resolution"). JSS Properties through its primary member, John Sadinsky, filed an appeal to the Board on October 29, 2016.
{¶ 3} The Board conducted a hearing on November 28, 2016. Prior to the hearing, JSS Properties remedied two of the alleged violations. Sadinsky appeared with legal counsel and testified under oath regarding his business operations at the property. The Board took the matter under advisement. At a subsequent meeting, the Board found:
The issue resolves around storing the cars uncovered and the type of work described within the hearing does not fit within the permitted uses within the General Business District as outlined within the resolution, nor does any permitted uses under LB District. Mr. Sadinsky is required to apply for a conditional use permit to continue the type of business he is operating and must remove the cars or cover them per the resolution. Minutes, Appeal 16-A-1, at 5.
{¶ 4} The Board notified Sandinsky and JSS Properties of its Decision on December 14, 2016. JSS Properties filed a timely appeal of the Decision to the Licking County Court of Common Pleas. Via Judgment Entry filed July 18, 2017, the trial court reversed the decision of the Board, finding such was unlawful. The trial court found there was no evidence in the record to establish JSS Properties was engaged in commercial activity which involved retail or services offered to the public, in violation of Article 8, Section 807 of the resolution.
{¶ 5} It is from this judgment entry the Board appeals, raising as its sole assignment of error:
THE TRIAL COURT ERRED ABUSED ITS DISCRETION BY REVERSING THE DECISION OF DEFENDANT-DEFENDANT-APPELLANT AS UNLAWFUL.
STANDARD OF REVIEW
{¶ 6} Pursuant to R.C. 2506.04, in an administrative appeal, the common pleas court considers the whole record, including any new or additional evidence, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. In reviewing an appeal of an administrative decision, a court of common pleas begins with the presumption the board's determination is valid, and the appealing party bears the burden of showing otherwise. Hollinger v. Pike Township Board of Zoning Appeals, Stark App. No. 09CA00275, 2010-Ohio-5097, 2010 WL 4111162.
{¶ 7} As an appellate court, our standard of review to be applied in an R.C. 2506.04 appeal is "limited in scope." Kisil v. Sandusky, 12 Ohio St.3d 30, 465 N.E.2d 848 (1984). "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh the preponderance of the substantial, reliable, and probative evidence, as is granted to the common pleas court." Id. Ultimately, the standard of review for appellate courts in a R.C. 2506 appeal is "whether the common pleas court abused *875 its discretion in finding that the administrative order was or was not supported by reliable, probative, and substantial evidence." See Weber v. Troy Twp. Board of Zoning Appeals, 5th Dist. Delaware No. 07 CAH 04 0017, 2008-Ohio-1163, 2008 WL 697384.
{¶ 8} "The standard of review for courts of appeals in administrative appeals is designed to strongly favor affirmance" and "permits reversal only when the common pleas court errs in its application or interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law." Cleveland Clinic Foundation v. Cleveland Board of Zoning Appeals, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161.
I
{¶ 9} In its sole assignment of error, the Board contends the trial court erred and abused its discretion in reversing its decision. We disagree.
{¶ 10} JSS Properties was cited for a violation of Section 807 of the resolution, which sets forth the types of business activity permitted in a General Business District and includes "[a]ll permitted and conditionally permitted uses as allowed in the LB [Local Business] District". The Notice of Violation specifically provided:
You are notified herewith (in the first/second instance), that your property at 7234 Johnstown-Utica Road, Johnstown, Ohio 43031, is used in violation of the Liberty Township Zoning Resolution, Article 8, Section 807 * * * in the following manner:
In that repairing and storing vehicles in the open is not permitted use under section 807. Please refer to the definition of Automotive, Manufactured Homes, Travel Trailers and Farm implement Sales. This clearly indicates the primary purpose is sales of items and the repair or warranty work of those items sold. It appears that what is taking place falls under running a General Automotive Garage , which is a Conditionally Permitted Use . (Emphasis in original.)
{¶ 11} At the hearing before the Board, Wendi Zigo, the Liberty Township Zoning Inspector, testified she contacted Sadinsky after receiving a complaint regarding the property. Zigo indicated Sadinsky advised her the vehicles were not junk motor vehicles as defined by the Ohio Revised Code. Zigo added Sadinsky also argued he was allowed to run any business delineated under the general business classification in the resolution because the property was zoned as such, and he believed his use of the property could be considered an automobile service station, or that the property could be used for automobile and/or farm implement sales and services.
{¶ 12} Sadinsky testified he did not operate JSS Properties as a service garage open to the general public. He serviced his own vehicles as well as vehicles belonging to family members. Sadinsky indicated all of the vehicles located at the property were roadworthy. He added the work he did on the vehicles was done inside the building. The work he performed on the vehicles included changing tire, replacing batteries, and detailing, "a lot of simple stuff". Transcript of November 28, 2016 Public Hearing held before the Liberty Township Board of Zoning Appeals at 36. Sadinsky noted he sold four vehicles in private transactions in the year prior to the hearing.
{¶ 13} After the hearing on the violation, the Board determined the activity conducted at the property did not fit within the permitted uses allowed in a General Business District. JSS Properties filed an appeal to the trial court.
*876 {¶ 14} Via Judgment Entry filed July 18, 2017, the trial court reversed the decision of the Board, finding such was unlawful. The trial court reasoned although the parties expended "much effort debating whether [JSS Properties'] use of the property constitutes an automobile service station or automobile sales and service as defined in the resolution", "it is clear from the record that Appellant is not using the property for a service station" and "Appellant's use of the property does not fit the definition of auto sales and service." July 18, 2017 Judgment Entry at 3, 4.[1] The trial court noted, "Appellant's use of the property does not appear to be much of a business at all as contemplated in the resolution apart from his storage business." Id. at 4. The trial court explained:
[T]he business activity addressed by the resolution appears to be commercial activity that involves retail or services offered to the public. The only evidence in the record is that appellant does not offer services to the public. Indeed, the BZA makes no effort in its brief to define general automobile garage or argue that this is in fact the use appellant is making of the property. It is clear from the BZA's minutes that the Board's main concern was that appellant was storing vehicles in the open not that he was operating a general automobile garage. (Minutes at pg. 4). No section of the resolution was cited in conjunction with Section 807 in the notice of violation that prohibits appellant's storing of operable vehicles in the open.
The BZA in its minutes states that appellant uses its property as a "Garage, Mini-storage" which is defined in the resolution as "A principal commercial structure, open to the public, for the use of temporary, enclosed storage of personal belongings, furniture, household goods, boats, trailers, or automobiles." Section 200; (Minutes at pg. 4). The BZA apparently implies from this definition that appellant's storage of vehicles in the open is somehow a violation of the resolution. However, there is no provision in Section 807 requiring operable vehicles to be enclosed.
"Zoning resolutions are in derogation of the common law and deprive a property owner of certain uses of his land to which he would otherwise be lawfully entitled. Therefore, such resolutions are ordinarily construed in favor of the property owner. Restrictions on the use of real property by ordinance, resolution or statute must be strictly construed, and the scope of the restrictions cannot be extended to include limitations not clearly prescribed." Saunders v. Clark County Zoning Dept. , 66 Ohio St. 2nd 259, 261, 421 N.E.2d 152 (1981).
Appellant was cited for not enclosing certain junk or disabled vehicles in violation of Sections 908 and 1009, but he has remedied those violations. These are the only Sections concerning the enclosure of vehicles the BZA has cited. There was no evidence to contradict appellant's contention that the vehicles were all operable. The fact that appellant is operating a Mini-storage business does not preclude him from activity that is not otherwise prohibited by the resolution. If appellant's activity is a violation of some other provision of the resolution, it was not cited for a violation of such provision, and the BZA has not brought any such provision to the attention of the Court.
Accordingly, the Court finds the decision of the BZA to be unlawful. Id. at 4-6.
*877 {¶ 15} We agree with the trial court nothing in the record supports the Board's assertion JSS Properties was engaged in a business other than the operation of the mini-storage facility. In its Brief to this Court, the Board contends the trial court abused its discretion by "arbitrarily select[ing] a segment of the record for which neither side argued nor relied upon in their respective briefs and issued a ruling that the decision of the [Board] was unlawful." Brief of Appellant at 5. We find the trial court had independent and proper grounds upon which to reverse the decision of the Board; therefore, did not abuse its discretion in doing so.
{¶ 16} The Board's sole assignment of error is overruled.
{¶ 17} The judgment of the Licking County Court of Common Pleas is affirmed.
Gwin, P.J. and Delaney, J. concur

A person is allowed to make five casual sales of personal vehicles per year without requiring a car dealer's license R.C. 4517.02(A)(6).